McCORD, Judge.
Appellants, employer/carrier, raise several points in their appeal from the deputy commissioner’s order finding appellee’s ear condition compensable and awarding medical and temporary total disability benefits. One point on appeal merits discussion and reversal.
Appellee was employed by appellant Orange/Seminole Cablevision, as a customer service representative answering telephones when, in August 1980, appellant employer issued a memo requiring service representatives to wear headsets (earphones). Shortly after beginning to use a headset, appellee began to experience ear problems. The deputy commissioner found her ear condition to be compensable. Competent substantial evidence supports that finding.
In assessing disability, the deputy commissioner stated:
I find, based on the claimant’s testimony and the .testimony of Dr. Gutman that she has been temporarily and totally disabled from the last date she worked at Orange/Seminole Cablevision other than the brief period of time she worked for a friend in January 1981.
That conclusion is not supported by competent substantial evidence. Dr. Gutman, a psychiatrist, first saw appellee in August 1981, approximately a year after the onset of her ear condition. His testimony is not competent as the basis for a temporary total disability award for the months preceding his examination of appellee. When he saw her, her condition was not the same as it was during the months preceding August 1981. She had contracted a new ear infection from which she had not been suffering during the whole of the preceding period.
Appellee quit her job with appellant in October 1980 due to her ear problem and has made no effort to obtain a job, except for a brief employment with a friend in January 1981 and one job inquiry in December 1980. Dr. Rosenberg, a neurologist who .saw appellee in December 1980, felt that she was employable at that time. There is insufficient evidence in the record to support the finding of temporary total disability prior to the time that Dr. Gutman first examined appellee. To that extent, the temporary total disability award is reversed.
We have considered the remaining points raised by appellant and find them to be without merit.
Affirmed in part and reversed in part.
BOOTH and WENTWORTH, JJ., concur.